UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMANI SALEM,

             Plaintiff,

v.

FOAUD AHMED MAHMOUD, *et al.*,

             Defendants.

**MEMORANDUM & ORDER**
26-CV-1823 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On February 17, 2026, *pro se* Plaintiff Amani Salem commenced this action against Defendants Foaud Ahmed Mahmoud, an electrical engineer who lives in Egypt and/or Kuwait ("Mr. Mahmoud"), and his son, Ahmed Foaud Ahmed Mahmoud, an information technology engineer who also lives in Egypt and/or Kuwait ("Mr. Mahmoud's son"). *See* ECF No. 1 (Complaint, "Compl").[1]  Plaintiff invokes the Court's federal question jurisdiction, 28 U.S.C. § 1331.  Plaintiff initially filed this action in the United States District Court for the Southern District of New York, after which the action was transferred to this Court on March 27, 2026, under 28 U.S.C. § 1406(a).  *See* ECF No. 5 (Transfer Order).  For the limited purposes of this Order, the Court GRANTS Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  *See* ECF No. 2 (IFP Application).  However, for the reasons stated below, the Court DISMISSES the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and with leave to amend by July 20, 2026.

---

[1]    Unless otherwise indicated, when quoting cases and the Complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

## BACKGROUND[2]

Plaintiff alleges that she had an online relationship with Mr. Mahmoud during the COVID-19 pandemic. *See* Compl. at 5. Plaintiff met Mr. Mahmoud on Facebook and they frequently communicated on Messenger and Skype. *Id.* She asserts:

> [Mr. Mahmoud] expressed his intention to travel to the United States with the purpose of marrying [her]. He also stated on multiple occasions that he planned to bring his family to the U.S., open [a] restaurant, and reside in the country for the remainder of his life. Toward the end of 2022, [Plaintiff] discovered that he was already married and had a child with another wom[a]n. Through information obtained from individuals associated with him on Facebook, [Plaintiff] learned that his intent may have been to use [Plaintiff] to obtain U.S. citizenship and then pursue a divorce afterward.

*Id.*[3] During and after her relationship with Mr. Mahmoud, Plaintiff began "experiencing . . .what [she] believe[d] to be stalking, unauthorized access to [her] personal information, [and] Repeated Financial and technology interference." *Id.* at 7. Plaintiff alleges that there were "multiple irregularities" regarding her bank accounts, including, among other things, the unauthorized closure of her bank account, repeated unauthorized withdrawals, duplicate charges, unexpected password changes, and account discrepancies. *Id.* Plaintiff further alleges that she "experienced repeated disruptions involving [her] personal device and digital accounts," including, among other things, removal of her phone contacts, malfunction of her sound settings, disabled access to information on her computer, slowed or disconnected internet connections without explanation, the

---

[2]    The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

[3]    Plaintiff alleges that she is a U.S. citizen and that Defendants are citizens of Egypt and Kuwait. *See* ECF No. 1 at 2–4.

appearance of unfamiliar applications, duplicated internet searches, and the movement of files to cloud storage without her authorization.  *Id.*

Plaintiff seeks "assistance in determining whether[] these experiences may be related to FRAUD, Identity theft or another form of organization Interference (Ring-crime), and in understanding what steps may be available to protect [herself] and [her] family." *Id.* at 9.  She also requests help from the Court to "identify appropriate agencies to contact (Banking, identity, legal aid or Consumer Protection)." *Id.*  Further, Plaintiff seeks approximately $20,500 in damages.  *See id.* at 6.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  To satisfy this standard, the complaint must, at a minimum, "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).  Though courts are required to hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs still must comply with Rule 8, *Harnage v. Lightner*, 916 F. 3d 138, 141 (2d Cir. 2019) ("While we construe *pro se* pleadings

3

liberally, the basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").  "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint."  *Id.*

A district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.  There are two types of federal subject-matter jurisdiction:  federal question jurisdiction, *see* 28 U.S.C. § 1331; and diversity jurisdiction, in which the plaintiff must show that plaintiff and defendants have complete diversity of citizenship and the amount in controversy must be greater than $75,000, *see* 28 U.S.C. § 1332.  The Federal Rules of Civil Procedure require that if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

The Complaint fails to comply with Rule 8's requirement that Plaintiff provide a "short and plain" statement of her claims against Defendants "to permit [D]efendant[s] to have a fair understanding of what [P]laintiff is complaining about and to know whether there is a legal basis for recovery."  *Harnage*, 916 F.3d at 141.  Plaintiff has neither asserted facts suggesting a violation of her constitutional rights or federal law, nor linked any Defendant to any such violation.  The Court is unable to determine exactly what claims Plaintiff is attempting to allege and thus cannot evaluate whether Plaintiff's allegations state a claim for relief, or even whether

the Court has subject matter jurisdiction. *See Hall v. N.Y.C. Hous. Dep't*, No. 22-cv-6692, 2022 WL 17253530, at *2 (E.D.N.Y. Nov. 28, 2022) (dismissing *pro se* complaint where the court was "unable to determine exactly what claims [p]laintiff [was] attempting to allege"). Even liberally construing the Complaint in Plaintiff's favor, it fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).

## LEAVE TO AMEND

Although "[a] court should freely give leave when justice so requires, [] it may, in its discretion, deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90–91 (2d Cir. 2023) (affirming denial of leave to amend). When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In light of this Court's duty to liberally construe *pro se* complaints, the Court grants Plaintiff leave to file an amended complaint that conforms with Rule 8 and establishes a basis for the Court's subject matter jurisdiction. To the extent that Plaintiff elects to file an amended complaint, she must provide a short and plain statement of the relevant facts supporting each claim against each Defendant. Specifically, Plaintiff should include: (1) the names of all relevant people; (2) a description of all relevant events, including what each Defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred; (3) a description of the injuries Plaintiff suffered; and (4) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief. Essentially, Plaintiff's

5

amended complaint should tell the Court:  who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.  Any new complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.[4]

## **CONCLUSION**

For the reasons stated above, the Complaint, filed IFP, is dismissed because it fails to comply with Rule 8 and fails to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).  In light of Plaintiff's *pro se* status, and because leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), the Court grants Plaintiff leave to amend her Complaint to address the defects discussed in this Order.[5]  If Plaintiff does not file an amended complaint on or before July 20, 2026, the Court will direct the Clerk of Court to issue judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at the address of record and to note the mailing on the docket.

---

[4]     In the event Plaintiff files an amended complaint that alleges a basis for federal subject matter jurisdiction, she must provide addresses for each named Defendant so that summons may be issued in accordance with Rule 4 of the Federal Rules of Civil Procedure.

[5]     Plaintiff is informed that an amended complaint does not simply add to the first complaint.  Once an amended complaint is filed, it completely replaces the original.  Therefore, Plaintiff must include in the amended complaint all the necessary information contained in the original complaint.

6

Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance or at (212) 382-4729 for free, confidential, and limited-scope legal assistance.  The Federal Pro Se Legal Assistance Project is not part of the United States District Court.

SO ORDERED.

*/s/ Hector Gonzalez*
  HECTOR GONZALEZ
  United States District Judge

Dated: Brooklyn, New York
       June 18, 2026